ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 9:48 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-25-00024-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 9:48:56 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Mike Morath, Texas Commissioner of Education and La Villa
Independent School District

Appellants

v.

Dr. Paz Elizondo

Appellee

Appeal from the 455th District Court
of Travis County, Texas, Cause No. D-1-GN-22-002025

## La Villa Independent School District's Reply Brief

David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
**THOMPSON & HORTON LLP**
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)

*Appellant La Villa ISD*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................ 2

INDEX OF AUTHORITIES ................................................................. 4

ISSUES PRESENTED ........................................................................ 5

INTRODUCTION ................................................................................ 6

ARGUMENT ....................................................................................... 8

    I.    The trial court erred in reversing the Commissioner's Decision ....................................................... 8

        A.    School districts are authorized to dismiss grievances as untimely. ............................................... 8

        B.    The Commissioner's Decision appropriately affirmed the school district's dismissal of the grievance as untimely. ............................................... 10

        C.    The Commissioner's Decision does not conflict with past Commissioner decisions ................. 12

        D.    The Commissioner's Decision appropriately recognizes that the triggering event for Dr. Elizondo's grievance was his receipt of the probationary contract ................................................. 14

        E.    The Court could address this entire case based on waiver because the Commissioner's decision was based, in the alternative, on waiver. ................................................................... 17

    II.    Dr. Elizondo asks this Court to affirm the trial court's judgment on his declaratory judgment claim even though the trial court dismissed. ....................... 19

PRAYER ..................................................................................21

CERTIFICATE OF COMPLIANCE.......................................................23

CERTIFICATE OF SERVICE............................................................23

# INDEX OF AUTHORITIES

Page

**Cases**

*Bella Palma, LLC v. Young,*
  601 S.W.3d 799 (Tex. 2020) ..............................................................20

*Davis v. Morath,*
  624 S.W.3d 215 (Tex. 2021) ...................................................... *passim*

*Lehmann v. Har-Con Corp.,*
  39 S.W.3d 191 (Tex. 2001) ...............................................................20

*Morath v. Elizondo,*
  No. 03-23-00125-CV, 2025 WL 270611 (Tex. App.—Austin
  Jan. 23, 2025, no pet.) ......................................................................20

**Statutes**

Tex. Educ. Code § 11.1511(b)(13) ............................................................9
Tex. Educ. Code § 21.103 ............................................................... 16, 19
Tex. Educ. Code § 21.1041 .................................................................16
Tex. Educ. Code § 21.207 ..................................................................16
Tex. Educ. Code §§ 21.251–.259.........................................................19

**Other Authorities**

*Higareda v. Valley View Ind. Sch. Dist.,*
  No. 027-R10-12-2013 (Tex. Comm'r Educ. Oct. 7, 2014)............... 12, 13

**Rules**

Tex. R. App. P. 25.1 ............................................................................21

## ISSUES PRESENTED

The Court should disregard Dr. Elizondo's second issue because it is based on the mistaken impression that the trial court found his declaratory judgment claim "was sustainable." Appellee's Br. at 5. The opposite is true. The trial court dismissed that claim. *See* Appx 450.

## INTRODUCTION

Throughout his brief, Dr. Elizondo repeatedly complains it is unfair that his grievance was dismissed as untimely because he should win on the merits of his complaint. *Before* the merits of his grievance could be addressed, Dr. Elizondo had the burden to establish that his grievance was timely. *See, e.g.*, *Davis v. Morath*, 624 S.W.3d 215, 223 (Tex. 2021). In this case, it was not. And that should resolve this entire case.

La Villa ISD denied Dr. Elizondo's complaint because it was untimely—filed over a year after the fact. *Compare* Appx 185–88 *with* Appx 190. So La Villa ISD did not need to consider the merits of Dr. Elizondo's claim one way or the other because regardless of the merits the complaint was clearly untimely. Appx 117–18.

The Commissioner affirmed that untimeliness decision. In the appeal to the Commissioner, the merits of Dr. Elizondo's claim were irrelevant because the only question before the Commissioner was whether Dr. Elizondo's complaint was properly dismissed as untimely. Appx 262–67; *see also Davis*, 624 S.W.3d at 223 (explaining that the Commissioner of Education is not authorized to "reach the merits of a complainant's arguments" if the underlying grievance "was not timely brought at the

District level").

The local grievance policy in La Villa ISD (and in school districts across the State) does not "nullify the clear dictates of the Texas Legislature," as Dr. Elizondo asserts on page 6 of his brief. Rather, the grievance policy provides an opportunity for a grievance to be heard and resolved if it is filed within 15 days of when the employee "first knew, or with reasonable diligence should have known, of the action giving rise to the complaint or grievance." Appx 118. If Dr. Elizondo had complained about the type of contract he was given *at the beginning of the school year*, La Villa ISD could have considered the complaint and if it had any merit, the school district could have provided a remedy by giving him a different type of contract. But at the end of the school year, it was too late for La Villa ISD to provide any remedy based on the complaint Dr. Elizondo filed.

# ARGUMENT

## I. The trial court erred in reversing the Commissioner's Decision.

In its opening brief, La Villa ISD explained that the trial court erred in reversing the Commissioner's Decision because there is evidence in the administrative record that Dr. Elizondo's local grievance was untimely. LVISD Br. at 17–26. And the Commissioner's brief similarly explained that the Commissioner properly declined to address the merits of Dr. Elizondo's complaint because the complaint was untimely. Comm'r Br. at 16–23. In response, Dr. Elizondo largely ignores that issue and instead attempts to argue the merits of his complaint instead of addressing the issue before the Court. *See* Appellee Br. at 6–15. But neither the school district nor the Commissioner have considered the merits because Dr. Elizondo's grievance was clearly and egregiously untimely.

### A. School districts are authorized to dismiss grievances as untimely.

On pages 7–8 of his brief,[1] Dr. Elizondo contends that La Villa ISD's

---

[1] On page 7 of his brief, Dr. Elizondo complains that the Commissioner "held that he did not have jurisdiction" under Texas Education Code § 7.057. But the

local grievance policy "is preempted by the action of the legislature itself." It is unclear what he means by that because his brief does not identify any statute that prevents a school district from requiring that a local grievance be filed in a timely manner. *See* Appellee Br. at 7–8.

To the extent Dr. Elizondo is arguing that school districts cannot dismiss untimely grievances, that argument was squarely (and recently) rejected by the Texas Supreme Court in *Davis v. Morath*, 624 S.W.3d 215, (Tex. 2021). In *Davis*, the Court not only affirmed that school districts are authorized to adopt rules and procedures for their local grievances. *Id.* at 223 (citing Tex. Educ. Code § 11.1511(b)(13)). The Court further stated that when a school district dismisses a grievance as untimely, the Commissioner is not authorized "to reach the merits of a complainant's arguments regardless of how the complaint was handled at the school-district level." *Id.*

Indeed, Dr. Elizondo is not unaware of *Davis*. Later in his brief. Dr. Elizondo seems to walk away from his initial assertion that grievance timelines are preempted by the Legislature by recognizing that *Davis*

Commissioner's Decision contains no such jurisdictional holding. *See* Appx 262–67.

9

applies to this case. *See* Appellee's Br. at 16–17. Applying *Davis* to this case, Dr. Elizondo's grievance was untimely for the reasons described in the following sections.

### B. The Commissioner's Decision appropriately affirmed the school district's dismissal of the grievance as untimely.

On pages 9–10 of his brief, Dr. Elizondo contends that although the language in the probationary contract was clear, it is unfair to assume that Dr. Elizondo "understood he was entitled to a term or continuing contract or that he actually wanted to be in a probationary contract." Appellee Br. at 9. But that assertion is both wrong and irrelevant.

First, it is wrong because it is certainly fair to presume that Dr. Elizondo "wanted to be in a probationary contract" because he signed a probationary contract without any complaint. In fact, he didn't just sign one probationary contract—he signed two. Appx 97–104.

Second, the assertion is also wrong because as an experienced school administrator—who not only has principal and superintendent certificates but also has masters and doctorate degrees in education— Dr. Elizondo was in the best position to know whether his past work experience entitled him to receive a term contract or a probationary

10

contract. *See* Appx 95–96. There is no evidence in the record that Dr. Elizondo was ignorant about the legal requirement, and when he filed his grievance, Dr. Elizondo did not assert that he was ignorant of the legal requirements related to term and probationary contracts. *See* Appx 87–93.

Third, whether or not Dr. Elizondo was ignorant of the legal requirements is irrelevant because the local grievance policy sets the deadline for filing a grievance at 15 days after the employee "first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance." Appx 153. The question is not when an employee becomes aware of a potential legal argument for challenging the decision or action; the only relevant question is when the employee became aware of the action or decision. *See id.*

It is undisputed that Dr. Elizondo read and signed a probationary contract in April 2020 and agreed to be bound by its terms and conditions. Appx 103. Although his grievance complained that the probationary contract should have been a term contract, that grievance was filed over a year later, long after the deadline to file that grievance had passed. Appx 117–18.

## C. The Commissioner's Decision does not conflict with past Commissioner decisions.

On pages 10–11 of his brief, Dr. Elizondo contends the Commissioner's Decision that Dr. Elizondo's grievance is untimely conflicts with a past Commissioner's decision, specifically *Higareda v. Valley View Ind. Sch. Dist.*, No. 027-R10-12-2013 (Tex. Comm'r Educ. Oct. 7, 2014).[2] Admittedly, in *Higareda*, the Commissioner ordered that an employee be reinstated with a term contract instead of a probationary contract. *Id.* at 11–12. However, Dr. Elizondo glosses over two fairly significant differences between the facts in *Higareda* and the very different facts in this case.

First, unlike *Higareda*, the school district's grievance policy is in the record. In *Higareda*, the Commissioner concluded he could not declare the grievance to be untimely because "there is no evidence in the local record of what Respondent's grievance policy required." *Id.* at 4. Here, of course, La Villa ISD's grievance policy is in the record. Appx 150–56.

Second, unlike *Higareda*, the Commissioner in this case found there is

---

[2] For the Court's convenience, a copy of *Higareda* is attached as Tab 1 to this reply brief.

12

evidence that Dr. Elizondo knew or should have known about the facts giving rise to his grievance months before he filed it. In *Higareda*, the Commissioner found that the evidence established the opposite because there was no evidence that Higareda "knew or should have known prior to filing his grievance that the Board had not voted to approve the Contract." *Id.* at 5.

Unlike Higareda, who had no way of knowing that the school board had not approved his employment contract, Dr. Elizondo certainly knew his employment history and knew, or should have known, that the contract he signed was a probationary contract. *See* Appx 131–38 (the clearly-labelled probationary contracts), Appx 265 ("The record supports the board's finding that [Dr. Elizondo] knew or should have known that he had a probationary contract when he signed a contract plainly reflecting that in its title."); *see also* Appx 89 (Elizondo's grievance complaining that because of his employment history he should have been given a term contract). Indeed, in a case like this one, the employee is in a better position to know whether he should have a probationary or term contract based on his prior employment.

**D. The Commissioner's Decision appropriately recognizes that the triggering event for Dr. Elizondo's grievance was his receipt of the probationary contract .**

Dr. Elizondo asserts there "is no dispute that Dr. Elizondo's 'triggering' event was the notice of termination of April 26, 2021. Appellee's Br. at 17. But that is simply not true. In fact, *everyone* disputes that—that dispute is pretty much at the center of this case. La Villa ISD disputed that fact when its Board dismissed Dr. Elizondo's grievance as untimely. Appx 150–56. And the commissioner disputed this fact when he affirmed that Dr. Elizondo's "alleged harm accrued on the day that he signed the probationary contract containing those terms, not on the day [La Villa ISD] notified him of his termination in conformance with those terms." Appx 265. Both La Villa ISD and the Commissioner were right.

The Commissioner and La Villa ISD were right because a grievance deadline is triggered based on the action or decision that genuinely gives rise to the grievance. *Davis*, 624 S.W.3d at 225–26. In *Davis*, the Court concluded that part of the underlying grievances could be considered timely "so long as the grievance genuinely complains about an 'action or decision' that occurred within ten business days preceding its filing." *Id.* at 226. Thus, the teachers' grievances about the appraisal scorecards,

which they received within 10 days of filing their grievances, were timely. *Id.* Similarly, here, Dr. Elizondo's grievance deadline was triggered when he received and signed the probationary contract. *See* Appx 262–67.

Although Dr. Elizondo claims his grievance was about the notice of termination of April 26, 2021, that is simply not true. Dr. Elizondo's grievance says nothing about the notice of termination. Appx 88–89. Indeed, when asked to state his complaint, Dr. Elizondo responded that his complaint was about something that occurred over a year before he filed the grievance: "La Villa ISD administration providing me a probationary contract by mistake instead of a term contract for the 2020-2021 school year." *Id.* And when did that happen? Not a few days before that, on April 26, 2021. Rather, Dr. Elizondo was provided with the probationary contract *over a year before that* — on or before April 22, 2020, when he signed the probationary contract. Appx 101–03

Indeed, the triggering event could not have been when Dr. Elizondo received the notice of termination. If Dr. Elizondo had legitimately wanted to take the position that his contract was, as a matter of law, a term contract despite its title, Dr. Elizondo could have requested a hearing under Section 21.207 of the Texas Education Code. *See* Tex.

Educ. Code § 21.207.

The decision by La Villa ISD's Board of Trustees to terminate Dr. Elizondo's probationary contract at the end of the school year was "final" and cannot be challenged by any appeal. Tex. Educ. Code § 21.103.[3] Dr. Elizondo should not be allowed to circumvent the Legislature's decision to make the school board's decision final and unappealable based on an untimely complaint that he should never have been given the contract he signed in the first place.

Under *Davis*, the triggering event to determine timeliness of a grievance is identified by looking at what action or decision the grievance *genuinely* complains about. *See Davis*, 624 S.W.3d at 224–25. Dr. Elizondo's grievance genuinely complains about the school district's administration providing him with a probationary contract (which happened over a year before he filed his grievance), not about the Board's notice of termination. Dr. Elizondo cannot use an untimely complaint to circumvent the Board's final and unappealable notice of termination.

---

[3] Mid-year terminations of a probationary contract can be challenged, *see* Tex. Educ. Code § 21.1041, but this case does not involve a mid-year termination.

**E. The Court could address this entire case based on waiver because the Commissioner's decision was based, in the alternative, on waiver.**

In response to the Commissioner's arguments regarding waiver on pages 23–25 of the Commissioner's appellate brief, Dr. Elizondo contends there cannot be waiver because there is no evidence Dr. Elizondo was aware that he was signing a probationary contract and not a term contract. Appellee Br. 12–15. But the record demonstrates otherwise.

Although Dr. Elizondo makes excuses and feigns ignorance about the nature of the probationary contact, the Commissioner appropriately rejected those excuses because the contract is clearly labeled a probationary contract. *See* Appx 245–46, *see also* Appx 101.

Although Dr. Elizondo asserts the contract "does not provide the teacher with any idea that he or she can be dismissed without recourse," Appellee's Br. at 13–14, the record shows the opposite. The probationary contract expressly states: "This Contract will terminate, in accordance with the procedures of Texas Education Code chapter 21, if the Board determines that termination of your contract at the end of the contract period will serve the best interests of the District . . .." Appx 103. Indeed, as expressly allowed by the contract, the Board terminated the contract

at the end of the contract period because terminating the contract was in the best interest of the school district. Appx 107.

Although Dr. Elizondo complains that he did not voluntarily, knowingly, and intelligently enter into the contract, the record shows that he did. Dr. Elizondo has never disputed that he signed the 3-page contract, and by signing the probationary contract, he represented that he had "read this Contract and agree[d] to abide by its terms and conditions." Appx 103.

Although Dr. Elizondo accuses La Villa ISD of laying behind the log, Appellee's Br. at 9, and asserts that school districts "have the upper hand," *id.* at 15, there is simply no evidence to support these assertions. Nothing in the record indicates that La Villa ISD did anything other than provide an employment contract to Dr. Elizondo in good faith. And he signed it without complaint. If anyone laid behind the proverbial log, it was Dr. Elizondo because he was in the best position to know whether his employment history allowed him to ask for a term contract, but he made no such request and instead read the probationary contract and signed it without complaint. Appx 103.

The trial court's ruling improperly encourages employees like

18

Dr. Elizondo to lay behind the log and wait until they realize their employment might be ended before complaining about the type of contract they were given in attempt to perform a procedural gotcha on the school district.[4] The Commissioner's Decision appropriately recognizes that if school district employees believe they are entitled by law to receive a different type of contract, they should raise the issue in a timely manner and not wait until the contract is at its end.

## II. Dr. Elizondo asks this Court to affirm the trial court's judgment on his declaratory judgment claim even though the trial court dismissed.

Dr. Elizondo asks the Court to affirm the trial court's judgment on his declaratory judgment claim, Appellee's Br. at 20, but it's not clear why. The trial court granted Appellants' pleas to the jurisdiction and dismissed Dr. Elizondo's declaratory judgment claim. Appx 450.

In an earlier judgment, the trial court had *denied* Appellants' pleas to the jurisdiction and did not expressly rule on Dr. Elizondo's declaratory

---

[4] Such a maneuver could potentially be a procedural gotcha because the procedures and deadlines for terminating a probationary contract are different than the procedures and deadlines for terminating a term contract. *Compare* Tex. Educ. Code § 21.103 (process for terminating a probationary contract) *with* Tex. Educ. Code §§ 21.251–.259 (process for terminating a term contract).

judgment claim. Appx 410. In the appeal of that earlier judgment, the Third Court of Appeals held that it was unclear if this earlier judgment was final and appealable. *Morath v. Elizondo*, No. 03-23-00125-CV, 2025 WL 270611, at \*1 (Tex. App.—Austin Jan. 23, 2025, no pet.) (citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001)). Accordingly, the Third Court of Appeals remanded the case. *Id.*

In the Second Amended Final Judgment, the trial court *granted* Appellants' pleas to the jurisdiction and dismissed Dr. Elizondo's declaratory judgment claim. Appx 450. Dr. Elizondo did not file a notice of appeal regarding the pleas to the jurisdiction and dismissal of his declaratory judgment claim or provide the Court with any briefing arguing that the trial court erred in dismissing that claim. In fact, Dr. Elizondo argues the Court should "affirm the trial court's judgment" as to his declaratory judgment claim. If the issue were before the Court, La Villa ISD would agree the Court should affirm the judgment as to the dismissal of Dr. Elizondo's declaratory judgment claim, but the issue is not before the Court because Dr. Elizondo failed to file a notice of appeal or a cross-appeal regarding the trial court's dismissal of his declaratory

20

judgment claim. *See* Tex. R. App. P. 25.1.

Accordingly, the Court need not address the trial court's dismissal of Dr. Elizondo's declaratory judgment claim because no party has filed a notice of appeal regarding that portion of the Second Amended Final Judgment or argued that the trial court erred in dismissing that claim.

## PRAYER

La Villa ISD respectfully requests the Court reverse the trial court's final judgment as to the Commissioner's Decision and render judgment that the Decision of the Commissioner in Docket No. 049-R10-2021 is affirmed.[5]

---

[5] In his Conclusion and Prayer, Dr. Elizondo asks the Court to "find that Appellee was entitled to a term contract"; however, that issue is not before the Court because the only issue the Commissioner could decide was whether Dr. Elizondo's grievance was untimely. *See Davis*, 624 S.W.3d at 223 (explaining that the Commissioner of Education is not authorized to "reach the merits of a complainant's arguments" if the underlying grievance "was not timely brought at the District level").

Dr. Elizondo also asks the Court to remand this case for a determination of attorneys' fees, but remand would be inappropriate because the trial court rendered a final judgment dismissing Dr. Elizondo's declaratory judgment claim that Dr. Elizondo chose not to appeal. Appx 450. In any case, Dr. Elizondo has no claim for which he could recover attorneys' fees because the trial court denied all relief on Dr. Elizondo's declaratory judgment claim, and Dr. Elizondo has not appealed that denial.

21

Respectfully submitted,

*/s/ David Campbell*

David Campbell

State Bar No. 24057033

*dcampbell@808west.com*

Thompson & Horton LLP

8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)
Fax (512) 494-9919

**Appellant La Villa ISD**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 3,238 words.

*/s/ David Campbell*
David Campbell


## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

*/s/ David Campbell*
David Campbell

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kate French on behalf of David Campbell
Bar No. 24057033
kfrench@thompsonhorton.com
Envelope ID: 100467952
Filing Code Description: Other Brief
Filing Description: La Villa ISD's Reply Brief
Status as of 5/6/2025 7:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 5/5/2025 9:48:56 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 5/5/2025 9:48:56 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 5/5/2025 9:48:56 PM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 5/5/2025 9:48:56 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 5/5/2025 9:48:56 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 5/5/2025 9:48:56 PM | SENT |